# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER J. HOWARD,
No. B86767,

      **Petitioner,**

vs.                                   Case No. 17–cv–1224-DRH

JACQUELINE LASHBROOK

      **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Christopher J. Howard, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his October 2008 conviction in St. Clair County, Illinois (Case No. 08-cf-881) for first degree murder. Plaintiff is serving a 41-year sentence in connection with this conviction.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Instant Petition

Petitioner seeks to overturn his conviction on two grounds: (1) violation of his Miranda rights and (2) failure to suppress evidence allegedly obtained in violation of his Miranda rights.

Petitioner admits that he has not exhausted his state court remedies with respect to these claims. Petitioner claims exhaustion is not presently possible because a federal court must first decide the Miranda rights issue. Petitioner also indicates that neither claim has been exhausted because "both grounds are pending." (Doc. 1, p. 16). In connection with this statement, Petitioner references a civil action in St. Clair County, Illinois, *Howard v. Butler,* No. 16-MR-195 (dismissed with prejudice on September 6, 2016). According to Petitioner, "grounds one and two are currently pending in a motion for status with the Circuit Court of St. Clair County." (Doc. 1, p. 7).

## Criminal Trial, Post-Conviction Motions, and Direct Appeal[1]

Following a jury trial in the Circuit Court of St. Clair County, Petitioner was found guilty of first degree murder and was sentenced on December 18, 2008, to 41-years of imprisonment. On January 6, 2009, Petitioner filed a *pro se* notice of appeal and, on April 6, 2009, the Illinois Court of Appeals dismissed the appeal for lack of jurisdiction.

---

[1] The following information is taken from the "procedural Background" section of the Petition and from *Howard v. Hulick,* No. 11-cv-244-DRH-SCW (Petitioner's second § 2254 petition).

Also on April 6, 2009, the trial court denied Petitioner's motion to reconsider and Petitioner's remaining pending *pro se* motions. Petitioner, again *pro se*, filed a notice of appeal regarding these judgments. Petitioner subsequently obtained counsel and directed his attorney to file a motion to dismiss the appeal, which was granted by the appellate court. The case was dismissed in November 2010.

On January 12, 2011, Petitioner filed a *pro se* document with the trial court, later construed to be an amended post-conviction petition. In that petition, Petitioner argued a single ground for relief, that the circuit court violated the due process clause of the Fourteenth Amendment when he was not given notice nor present in court for a September 8, 2008 motion hearing. The State filed a motion to dismiss the case and the Court granted the State's request on May 16, 2011. Petitioner did not appeal.

## Initial § 2254 Petition

On December 10, 2009, Petitioner filed a federal habeas petition challenging his conviction for failure to comply with his speedy trial rights. *See Howard v. Hulick*, No. 09-cv-1026-DRH. The undersigned dismissed the claim without prejudice on June 15, 2010 because Petitioner's post-conviction claim was still pending in state court.

## Second § 2254 Petition

Petitioner filed a second § 2254 petition on March 30, 2011 ("Second Petition"). *See Howard v. Hulick,* No. 11-cv-244-DRH-SCW. The Second Petition

raised the same issue presented in the January 12, 2011 post-conviction action, that the Circuit Court violated the due process clause of the Fourteenth Amendment when Petitioner was not given notice nor present in court for a September 8, 2008 motion hearing. The case was dismissed on July 21, 2011 for failure to pay the filing fee. *Howard v. Hulick,* No. 11-cv-244-DRH-SCW, Doc. 18.

Petitioner subsequently paid the filing fee and the Court vacated its dismissal on March 8, 2012. *Id.* Doc. 65. In answering the Second Petition, the respondent argued Petitioner's claim was procedurally defaulted (because the January 12, 2011 post-conviction petition that raised the due process claim was dismissed and petitioner did not appeal). *Id.* Doc. 88. In his reply, Petitioner argued that federal courts have "original jurisdiction over federal question cases" and, as a result, claimed he had "shown why his claim [was] not barred from receiving federal habeas relief." *Id.* Doc. 92, p. 2.

After reviewing the record, the undersigned found that Petitioner's due process claim was procedurally defaulted because Petitioner had not presented the claim through one full round of state court review. *Id.* Doc. 110. Accordingly, the Second Petition was dismissed with prejudice. *Id.* Petitioner appealed the dismissal. *Id.* Doc. 112. However, the appeal was voluntarily dismissed. *Id.* Doc. 134.

## Applicable Legal Standards

*Exhaustion*

"Section 2254 generally requires state prisoners to exhaust available state court remedies before seeking habeas review in federal court." *Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015); see 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); see 28 U.S.C. § 2254(c). Exhaustion is excused only if the "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

*Second or Successive Petitions*

A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(a).

28 U.S.C. § 2244(b)(1) provides that "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." However, a second or successive petition may be filed asserting certain types of claims that have not been previously presented:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2).

Before filing a second or successive petition asserting a § 2244(b) claim, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

The district court is without jurisdiction to entertain a second or successive petition that has been filed without the authorization of the court of appeals. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

Generally, a § 2254 petition filed after a previous petition has been dismissed for failure to exhaust state remedies is not "second or successive." *Slack v. McDaniel,* 120 S. Ct. 1595, 1605 (2000). However, petitions that have been denied based on a procedural default "do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's

judgment." *Altman v. Benik,* 337 F.3d 764,766 (7th Cir. 2003). *See also Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005) (a "denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA.") (quoting *Carter v. United States,* 150 F.3d 202, 205-06 (2d Cir.1998) (per curiam)).

## ANALYSIS

The Court's records show that Petitioner's Second Petition was dismissed by the undersigned, with prejudice, on grounds of procedural default. Accordingly, the instant Petition – which attacks the same custody imposed by the same judgment – is a second or successive petition for purposes of the AEDPA.

In light of the above, before filing the instant Petition, Petitioner was required to request the Seventh Circuit's permission. He did not do so, and this requirement is a jurisdictional one. *Lambert v. Davis,* 449 F.3d 774, 777 (7th Cir.2006). Because this Court lacks subject matter jurisdiction, it has no authority to consider Petitioner's case.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that this Court is without jurisdiction to entertain the Petition because it is a second or successive petition filed without the authorization of the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## DISPOSITION

**IT IS HEREBY ORDERED**, for the reasons above, the Petition is **DISMISSED** without prejudice for lack of jurisdiction. Dismissal is without prejudice to bringing a properly authorized successive petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.18
11:26:07 -06'00'

**David R. Herndon**
**U.S. District Judge**